In the Matter of TAILORTOWNE, INC., Bankrupt.

First County National Bank and Trust Company, Woodbury, Successor by Consolidation to Woodbury Trust Company and First National Bank and Trust Company of Woodbury, Appellant.

No. 13851.

United States Court of Appeals Third Circuit.

Argued May 8, 1962.

Decided May 23, 1962.

Neil F. Deighan, Jr., Camden, N. J. (Kisselman, Devine, Deighan & Montano, Camden, N. J., Carl Kisselman, of counsel, on the brief), for petitioner-appellant.

Frederick H. Martin, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

PER CURIAM.

Referee Lipkin found that the United States had paid over to the predecessors of appellant the sum of $15,879.38 as part of the whole endeavor of the creditors and the bankrupt clothing manufacturer to reopen and operate the business of the debtor. That money was for payment of coats delivered to the Government by the manufacturer prior to bankruptcy in part performance of a coat contract with the Government. The testimony was that such payment would not have been authorized if the plant was not going to be reopened because the Government knew it would cost more than the original contract price to have the coats made elsewhere. The Referee found that " * * the Government did, and had a right to, rely upon this court's orders which were designed to open the bankrupt's place of business, whereby it paid over $15,-879.38 to the Banks. The Government paid over the fund as part of the whole scheme of operation whereby it would secure the additional garments called for by the contract." He ordered that the Government be reimbursed out of said money for its actual losses due to the bankrupt's breach of the contract and that the balance of the sum be retained by the banks to be applied on their claims against the bankrupt estate. The district court affirmed that decision.

Our own examination of the case reveals that the Referee's disposition of the matter is substantially supported by the record and is the proper solution of the problem involved.

The judgment of the district court will be affirmed.